UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JEANNE LEMIRE, INDIVIDUALLY ) <br> AND ON BEHALF OF ALL OTHERS SIMILARLY ) <br> SITUATED, ) <br> ) <br>     Plaintiff ) <br> v. ) <br> ) <br> WOLPOFF AND ABRAMSON, L.L.P., ) <br>     Defendant ) <br> ) | CASE NUMBER: <br><br> CLASS ACTION <br> COMPLAINT <br><br><br> FEBRUARY 15, 2008 |

## I. INTRODUCTION

1. The Plaintiff brings this suit on behalf of herself and all those similarly situated in Connecticut (the "Class") against Wolpoff and Abramson, L.L.P., a law firm that engages in debt collection. Plaintiff, on behalf of herself and the Class, alleges that Defendant, in connection with at least several hundred debts, collected or attempted to collect such debts in the state of Connecticut without having acquired the required license from the Connecticut Department of Banking in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

2. Plaintiff brings this class action in accordance with the FDCPA, 15 U.S.C. § 1692, *et seq*. *See* 15 U.S.C. § 1692k(a)(2)(B).

## II. PARTIES

3. The Plaintiff, Jeanne Lemire, is a natural person residing in Cromwell, Connecticut.

4. The Defendant, Wolpoff and Abramson, L.L.P., ("Wolpoff") is a District of Columbia limited liability partnership with a principal place of business in Rockville, Maryland.

### III. JURISDICTION

5. Jurisdiction in this Court is proper under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and Fed. R. Civ. P. 23(a).

6. Venue in this Court is proper, as the Plaintiff and the class members are residents of Connecticut, the Defendant collects debts in Connecticut, and the violative conduct that is the subject of this litigation was conducted within this State.

### IV. BACKGROUND AND FACTUAL ALLEGATIONS

7. Before March 2007, Wolpoff maintained an office in Glastonbury, Connecticut and it employed Connecticut attorneys who were actively engaged in the collection of consumer debt within the meaning of the FDCPA.

8. On or about March 1, 2007, Wolpoff closed its Connecticut office and, after that date, on information and belief, it did not employ members of the Connecticut bar.

9. The Connecticut Consumer Collection Agencies Act, Conn. Gen. Stat. § 36a-800 *et seq* , requires at § 36a-801 that all Consumer Collection Agencies, as defined at § 36a-800(1), be licensed with the Connecticut Department of Banking.

10. During the time that Wolpoff's collection activities were undertaken by Connecticut attorneys through its Glastonbury office, it was not operating as a Consumer Collection Agency, because members of the Connecticut bar are excluded from the definition of a Consumer Collection Agency under C.G.S. § 36a-800(1)(D).

11. After t it closed its Connecticut office, Wolpoff engaged in the collection of consumer debt within Connecticut by, at a minimum, sending collection letters to Connecticut residents that were not signed by a member of the Connecticut bar.

12. On or about January 25, 2008, Wolpoff sent such a collection letter to the plaintiff. A true copy of the letter is attached as Exhibit A.

13. After closing its Connecticut office, Wolpoff was no longer exempt from the licensing requirement of the Connecticut Consumer Collection Agencies Act, and it was not permitted to engage in debt collection activities in Connecticut without obtaining such a license.

## V. CLASS ALLEGATIONS

14. Plaintiff brings this action as a class action on behalf of all Connecticut residents to whom Wolpoff, after closing its Connecticut office, sent a letter seeking to collect a consumer debt, which letter was not signed by a member of the Connecticut bar.

15. The proposed Class is so numerous that joinder of all members would be impracticable. Plaintiff is unable to state the precise number of potential Class members because that information is exclusively in the possession of Defendant and readily available through discovery. Plaintiff believes, and on that basis alleges, that the potential Class probably numbers several hundred or more.

16. There is a community of interest among the members of the proposed Class in that there are questions of law and fact common to the proposed Class that predominate over questions affecting only individual members. Specifically, the question of whether Defendant's attempts to collect consumer debts within Connecticut violate the Fair Debt Collection Practices Act predominates over any questions that may apply only to individual class members.

17. Plaintiff's claim is typical of those of the Class she seeks to represent.

18. Plaintiff is represented by counsel competent and experienced in both consumer protection and class action litigation.

19. A class action is superior to other methods for the fair and efficient adjudication of the controversy. The prosecution of separate actions by the individual class members, even if possible or likely, would create a risk of inconsistent or varying adjudications with respect to the claims asserted by individual class members and could create incompatible standards of conduct for the Defendant. Moreover, because most class members are unaware of the Defendant's violation, they are unlikely to bring an independent action, and a class action is the only way that Defendant's acts and omissions can be rectified.

## VI. CLAIMS FOR RELIEF

20. Wolpoff's mailing of the letters to Connecticut residents without having been licensed with the Connecticut Department of Banking as a Consumer Collection Agency was a violation of 15 U.S.C. § § 1692e and 1692f and their subsections.

WHEREFORE, the Plaintiff claims for herself and for the members of the class statutory damages, a reasonable attorney's fee, and costs in accordance with 15 U.S.C. § 1692k.

                    **PLAINTIFF, JEANNE LEMIRE**, Individually, And On Behalf Of The Class,

By: _____
Daniel S. Blinn, Fed Bar No. ct02188
dblinn@consumerlawgroup.com
Consumer Law Group, LLC
35 Cold Spring Road
Suite 512
Rocky Hill, CT  06067
Tel. (860) 571-0408  Fax. (860) 571-7457

Brian L. Bromberg, Fed Bar No. ct26967
brian.bromberg@brianbromberg.com
Bromberg Law Office, PC
40 Exchange Place, Suite 2010
New York, NY 10005
Tel (212) 248-7906 Fax (212) 248-7908

5