UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JEANNIE LEMIRE, INDIVIDUALLY ) | CASE NUMBER: |
| AND ON BEHALF OF ALL OTHERS SIMILARLY ) | 3:08cv00249(CSH) |
| SITUATED, ) | |
|     Plaintiff ) | |
| v. ) | |
| ) | |
| WOLPOFF AND ABRAMSON, L.L.P., ) | |
|     Defendant ) | March 25, 2009 |
| ) | |

**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM REGARDING CERTIFICATION UNDER RULE 23(b)(1).**

The Plaintiff submits the following in response to the Court's Order dated March 16, 2009, directing the parties to submit supplemental memoranda addressing whether class certification would be appropriate under R. 23(b)(1). For the reasons stated below, the plaintiff submits that such certification would not be proper.

Plaintiff presumes that the Court's directive arises from a concern about whether applying of Rule 23(b)(1)(B), which permits class certification in cases where the maintenance of individual actions by the class members, would impair the ability of other class members to pursue their claims. *See e.g., Weinman v. Fidelity Capital Appreciation Fund,* 354 F.3d 1246, 1264 (10th Cir. 2003) (Rule 23(b)(1)(B) is satisfied when resolution of first individual case could be dispositive of factual and legal issues that would resolve subsequent individual case before litigants had a chance to pursue their claims). Application of this rule, however, "cannot rest merely on anticipated *stare decisis* effect." *Tilley v. TJX companies, Inc.,* 345 F.3d 34, 42 (1st Cir. 2003). Typically, classes certified under this provision involve a defendant with limited assets that would be overwhelmed by the number of individual claims, with the result that

plaintiffs who obtain earlier adjudications or settlements will deplete the available funds, leaving nothing for individuals who assert claims at a later time. *See e.g., Ortiz v. Fiberboard Corp.,* 527 U.S. 815, 119 S. Ct. 2295 (1999); *Trautz v. Weisman*, 846 F. Supp. 1160 (S.D.N.Y. 1994*).* For a case to be certified under R. 23(b)(1)(B), a plaintiff must show that the funds are less than the amount for which the defendant might be liable. *In re Simon II Litigation,* 407 F.3d 125, 138 (2d Cir. 2005); *Zinser v. Accufix Research Institute,* 253 F.3d 1180 (9th Cir. 2001), opinion amended and superceded on denial of reh'g, 273 F.3d 126 (9th Cir. 2001). The plaintiff has not and cannot make such a showing.

Here, claims by individual class members do not threaten to overwhelm the defendants' assets. This is a small class consisting of individuals whose claims are small. Individual class members have not been bringing these claims and do not threaten to overwhelm the defendant. Accordingly, this is not a case where the threat of individual actions will overwhelm the defendant's resources and impair the claims of subsequent claimants.

Rule 23(b)(1)(B) addresses the problem of individual claimants depleting the assets of a defendant. This problem is altogether distinct from the limitation upon a class members' recovery for statutory damages. Specifically, the Fair Debt Collection Practices Act limits the amount that individual class members may recover for statutory damages (but not actual damages) to the lesser of $500,000 or one-percent of the defendant's net worth. This limitation on liability for statutory damages does not apply to individually asserted actions. Moreover, class members who do not wish to be bound by this cap would have the ability to opt-out and pursue statutory damages of up to $1,000 in a class certified under Rule 23(b)(3).[1]

---

[1] Denying class members the opportunity to opt-out is the primary advantage of a class certification under Rule 23(b)(1) in a limited fund case, because if many class members pursued

Class certification would also not be proper under Rule 23(b)(1)(A). Generally, certification under that provision is not appropriate for cases where the relief sought is primarily monetary. *See e.g., Zinser,* 253 F.3d at 1195. That is the primary relief sought here.

Even if certification under Rule 23(b)(1) were appropriate, it would nevertheless still be proper for the Court to certify this case under Rule 23(b)(3). In *Robertson v. National Basketball Ass'n*, the Second Circuit held that cases that could be certified under either provision should be certified under Rule 23(b)(1), but that preference applies only if a certification under 23(b)(3) would create "inconsistent adjudication or compromise of class interests". *Id.,* 556 F.2d 682, 685 (2d Cir. N.Y. 1977). Unlike that case, no such inconsistent adjudication or compromise of interests would occur, and the preference for Rule 23(b)(1) does not apply. Specifically, there is no showing that the defendant lacks the resources to satisfy claims of any opt-outs – if there are any opt-outs; in most cases under the FDCPA, there are very few or no opt-outs.[2] Moreover, those class members remaining in a Rule 23(b)(3) class would receive equal treatment, because only monetary relief is sought. Even if certification of the class were to generate an unanticipated rush of opt-out claimants that would threaten to deplete the defendant's available funds – an unlikely and unsubstantiated proposition – the Court would have the ability to address such a situation by re-certifying the class under Rule 23(b)(1) upon such a showing. At this stage,

---

their claims individually, that would create a risk of overwhelming the defendant's assets to the prejudice of those remaining within the class. *See Robertson v. National Basketball Ass'n*, 556 F.2d 682, 684 (2d Cir. N.Y. 1977)(class members, who objected to settlement class that was certified under 23(b)(1) rather than under 23(b)(3), were unable to opt-out of the class).

[2] In two recently approved class action settlements in Connecticut under the FDCPA, there were no opt-outs whatsoever. *See Lemire v. Laurence Hecker,* Order and Final Judgment of Dismissal*, 3:07-cv-01696-PCD*, (D. Conn. Nov. 5, 2008), attached as Exhibit A; *Moore v. Midland Credit Management,* Order and Final Judgment of Dismissal, No. X04- HHD-CV-03-4034668-S (Conn. Superior, October 2, 2008), attached as Exhibit B.

3

however, there is no basis for such a finding, and the class should be certified under Rule 23(b)(3) instead of under Rule 23(b)(1).

        **PLAINTIFF, JEANNE LEMIRE,** Individually, And On Behalf Of The Class,

By:  /s/Daniel S. Blinn
Daniel S. Blinn, Fed Bar No. ct02188
dblinn@consumerlawgroup.com
Consumer Law Group, LLC
35 Cold Spring Rd., Suite 512
Rocky Hill, CT  06067
Tel. (860) 571-0408
Fax. (860) 571-7457

Brian L. Bromberg, Fed Bar No. ct26967
brian@bromberglawoffice.com
Bromberg Law Office, PC
40 Exchange Place, Suite 2010
New York, NY 10005
Tel (212) 248-7906 Fax (212) 248-7908

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of March, 2009, a copy of the foregoing Supplemental  Memorandum was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

/s/Daniel S. Blinn
Daniel S. Blinn